IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERDANDO REAL, | : | CIVIL ACTION NO. **3:CV-11-2071** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LT. DUNKLE, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On November 7, 2011, Plaintiff Fernando Real, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), filed the instant civil rights action, pursuant to 42 U.S.C. § 1983, §1985, §1981 and §1986.[1]   (Doc. 1).   Plaintiff also indicates that he is seeking declaratory relief under 21 U.S.C. §2201 and §2202.   Plaintiff states that he is raising a constitutional claims of civil conspiracy, retaliation and denial of access to the court.   Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 5).

Plaintiff's claims were set forth on a form civil rights complaint routinely provided to inmates. (Doc. 1).   Attached to his form 3-page Complaint, Plaintiff submitted a 14-page handwritten Complaint with an Exhibit, Ex. A.   We shall refer to Plaintiff's 14-page handwritten Complaint as Doc. 1A herein for identification purposes.

---

[1]Plaintiff does not state under which section of §1985 he is asserting a claim, but we construe him as raising a conspiracy claim under §1985(3) since his allegations repeatedly refer to conspiracies.

In his pleadings, Plaintiff names the following fifteen (15) Defendants: Lt. Dunkle, Lt. Malik, Sgt. Clark, Sgt. Meyers, C.O. Gormley, C.O. Murphy, C.O. Hyslack, C.O. John Doe, Grievance Coordinator Mason, Lt. B.E. Mowrey, Lt. Burns, Sgt. Romig, C.O. Segedy, C.O. McMillan, and C.O. Dascani. (Doc. 1A, pp. 2-3).

Plaintiff states that all Defendants were employees of the Pennsylvania Department of Corrections ("PA-DOC") at SCI-Mahanoy and SCI-Coal Twp.

Plaintiff basically alleges that, during his transfer from SCI-Mahanoy and SCI-Coal Twp., Defendants intentionally lost his personal property with documents showing their constitutional violations which prevented his grievances and denied him access to the courts. Specifically, Plaintiff alleges that "Defendants intentionally lost [his] personal property, including documentation of previous [constitutional] violations [he] suffered at the hands of the Defendants." (Doc. 1A, p. 4). Plaintiff further alleges that "by intentionally losing [his] documentation of [Defendants' constitutional] violations, [his] access to the courts [was] denied." Plaintiff additionally avers that without his documentation, he was not able to raise his constitutional claims against Defendants in a §1983 civil rights action. (*Id*.). Further, Plaintiff alleges that additional documentation was lost pertaining to his pending criminal matter and criminal appeal which also resulted in a denial of his access to the courts. Plaintiff states that his documentation along with his other personal property such as photographs, was intentionally lost during his transfer from SCI-Mahanoy and SCI-Coal Twp. in retaliation for his grievances against prison staff.

In his form Complaint, Plaintiff indicates that he filed a grievance regarding his claims and that he completed the grievance process.[2]  (Doc. 1, p. 1).  However, in his handwritten Complaint, Plaintiff states that unnamed Defendants refused to acknowledge his grievances and appeals, and that they prevented his complaints from being investigated and exhausted under DOC policy. Thus, Plaintiff alleges that unnamed Defendants hindered his grievance and made the DOC administrative remedy procedure unavailable to him.  (Doc. 1A , p. 4).

We now screen Plaintiff's Complaint as we are obliged to do under the PLRA.  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[3]

## II.  PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 5).  The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

---

[2]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*   However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[3]This case has been assigned to the undersigned Magistrate Judge for pre-trial matters. *See* 28 U.S.C. § 636(b).

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

pursuant to 28 U.S.C. § 1915.[5]  Specifically, Section 1915(e)(2), which was created by

§ 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

### III.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:

(1) that the conduct complained of was committed by a person acting under color of state law; and

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost*

*v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009

WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it

is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273,

284-85 (2002).[6]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-

499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

---

[5]The Plaintiff filed an application to proceed *in forma pauperis* with the State Court and an authorization to have funds deducted from his prison accounts. (Docs. 5-7).

[6]Plaintiff alleges in his pleading that all of the individual Defendants are employees of the PA DOC.  This is sufficient to show that Defendants are state actors.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") (citing *Rode, supra*.).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss.  *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## IV.  Motion to Dismiss Standard.

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).   "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

6

## V. Discussion.

As Plaintiff correctly indicates the Court has jurisdiction over his §1983 civil rights action pursuant to 28 U.S.C. §1331 and §1343(a).

### 1.     *Claims for damages against Defendants in their official capacities*

Plaintiff states that  he sues the all of the  individual Defendants in their personal and official capacities.  (Doc. 1A, pp. 1 and 4).  Also, Plaintiff requests, in part, as relief compensatory and punitive damages.  (*Id*., pp. 12-13).  We find that, insofar as Plaintiff seeks compensatory damages against all Defendants, he can only sue Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010)*.*  Thus, we will recommend that Plaintiff's claims for compensatory damages against Defendants in their official capacities  be dismissed with prejudice without leave to amend. Based upon well-settled case law, we find it would be futile to allow Plaintiff to amend his Complaint to seek  compensatory  damages  against  Defendants  in  their  official  capacities.   *See  Mitchell  v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);*Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Plaintiff also cannot seek punitive damages as against Defendants in their official capacities. Plaintiff can only seek punitive damages as against Defendants in their individual or personal capacities.  *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983).  Thus, Plaintiff's claims for punitive damages against Defendants in their official capacities should be dismissed with prejudice without leave to amend.  Thus, we find it would be futile to allow Plaintiff to amend his Complaint to seek punitive damages against Defendants  in their official capacities.  *See Van Tassel v. Lawrence*

*County Domestic Relations Section,* 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

Further, Plaintiff's request for a specific amount of monetary damages, *i.e.* $10,000 in punitive damages from each Defendant (Doc. 1A, p. 13), should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint.

### 2. *Claims against Officers Murphy, Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark at SCI-Mahanoy*

Plaintiff avers that on November 2, 2009, he was confined in the RHU at SCI-Mahanoy on restriction, which prohibited any of his personal property from being in his cell. Plaintiff states that his restrictions were to be lifted on this day and he was to receive his property back in cell. However, Plaintiff avers that after he asked Defendant Murphy when he will receive his property back, which he required for deadlines on grievances and for other legal matters, Murphy told him there was a price he pays for filing grievances, that he would never see them in court, and that it would be the last time he saw their faces. (Doc. 1A, pp. 4-5).[7]

Plaintiff alleges that Defendant Dunkle then notified him he was being transferred to a different prison, and that he asked Dunkle if all of his property was accounted for and going to be

_____

[7]It appears as though Plaintiff's present civil rights case commencing with his November 2, 2009 claim was timely filed within the two-year statute of limitations if the prison mailbox rule is applied to the filing date of Plaintiff's Complaint, *i.e.* the date he signed his pleading on November 1, 2011. Doc. 1, p. 3). *See Ireland v. McDaniel,* 2011 WL 860390, * 5 (W.D. Pa. 1-27-11), adopted by 2011 WL 860346 9W.D. Pa. 3-9-11) ("under Pennsylvania law, the applicable limitations period for a civil rights action asserted under 42 U.S.C. § § 1981, 1983 and 1985 is two years."). However, to the extent Plaintiff is raising a claim under § 1986, it is time barred by the one-year statute of limitations. *Id.* ("Actions under 42 U.S.C. § 1986 . . . are required to be filed within one year after the cause of action has accrued.").

transferred with him.  Plaintiff avers that Defendant Dunkle told him all of his property was accounted for and that it was a lot of property which was in the RHU hallway.  (*Id*., p. 5).

Plaintiff avers that he was then escorted out of the RHU at SCI-Mahanoy and put in a van by Defendant Dunkle and unknown officers, and that Defendants Gormley and Hyslack wheeled out his property and put it in the van.  Plaintiff again asked Defendant Dunkle if all of his property was there and Defendant Gormley replied that "this is the price you pay."  (*Id*.).  Plaintiff states that he previously filed a grievance against Defendant Gormley and a grievance against Defendant Murphy.

Plaintiff states that he was then transferred to SCI-Coal Twp.  Plaintiff states that a Form DC-153 Inmate Personal Property Inventory Sheet was not prepared by Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark at SCI-Mahanoy when his property was packed, and that this was required by DOC Policy, DC-ADM 815.  Plaintiff avers that Clark and Malik were the officers in charge of the RHU and were to make sure the Inventory was completed.  Plaintiff states that Defendants Dunkle, Meyers, and Doe were property room officers and that they were required to complete the Inventory.  Plaintiff states that Defendants Gormley and Hyslack packed his property and were required to complete the Inventory.

Plaintiff concludes his allegations against Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark as follows:

> 33.    This violation of policy was done intentionally by Defendants Dunkle, Meyers, Doe, Gormley, Hyslack, Malik and Clark to conceal the deliberate misplacement of Plaintiff's property.  If the Defendants completed an inventory sheet in accordance with policy and recorded the property illegitimately seized as being accounted for, this would [have] verified that Plaintiff indeed once had the items in his possession.  Because the inventory sheet would verify such.

> To complete an inventory sheet and not record the property illegitimately seized would of (sic) alerted Plaintiff.  Since a goldenrod copy of the inventory sheet will be given to Plaintiff upon completion of the inventory with no inventory sheet completed there is no documentation to verify what Plaintiff's property consisted of.

(Doc. 1A, p. 6).

Plaintiff claims that the deliberate misplacement of his property by Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark at SCI-Mahanoy violated his constitutional right to access to the courts since he was not able to file a § 1983 action in court and since he lost a dying declaration of a witness containing exculpatory evidence which was necessary for his appeal of his criminal conviction.  (Doc. 1A, p. 11).  Plaintiff also claims that his property was packed without Defendants' compliance with DOC policy requiring an Inventory Sheet.

Based on the above allegations, we do not find that Plaintiff has stated the personal involvement of Defendant Murphy with respect to his denial of right to access to the courts claim. Defendant Murphy is not alleged to have been involved with the packing and moving of Plaintiff's property when he was transferred from SCI-Mahanoy to SCI-Coal Twp.  (Doc. 1A, p. 5).  We will recommend that Plaintiff's denial of access to the courts claim against Defendant Murphy be dismissed with prejudice.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint against Defendant Murphy with respect to his denial of access to the courts claim, since we find it would be futile.  Plaintiff does not allege that Defendant Murphy caused any injury to any of his non-frivolous court claims.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview*

*State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

### A.  Fourteenth Amendment Due Process Claim

In his Legal Claims Section of his handwritten Complaint (Doc. 1A, p. 12), Plaintiff states that the intentional losing of his property, in part, violated his due process rights under the Fourteenth Amendment.   Insofar as Plaintiff is construed as claiming that his property was taken by Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark at SCI-Mahanoy without due process and without following DOC policy, we find that such a claim is without merit since he had available adequate post-deprivation remedies through the DOC's administrative remedy procedure.  *See Lyons v. Beard*, 2009 WL 604139, *3 (M.D. Pa. 3-9-09).  In *Lyons*, the Court stated:

> The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In some cases takings of property require pre-deprivation notice and a hearing." *Tillman v. Lebanon County,* 221 F.3d 410, 421 (3d Cir.2000). If meaningful pre-deprivation due process is impractical, due process is satisfied "by a meaningful post-deprivation remedy." *Id.* "A prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available." *Mattis v. Dohman,* 260 Fed. Appx. 458, 461 (3d Cir.2008) (citing *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). [FN2]

>> FN2. *Hudson* established that regardless of whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief under § 1983 if he or she has adequate post-deprivation remedies available under state law.

As the *Lyons* Court stated, "the DOC 'has established an internal grievance procedure through which the state hears claims, and when appropriate, provides remedies; [Plaintiff ] was provided with

a meaningful post-deprivation remedy regarding the loss of his property in the form of this grievance system.'" *Id*. (citations omitted).  The *Lyons* Court also pointed out that Plaintiff has remedies through the Pennsylvania State court system to obtain relief for alleged loss of property. *Id*.  Further, the failure of Defendants to prepare an Inventory Sheet did not render Plaintiff Real's post-deprivation remedies ineffective.

Thus, we will recommend that Plaintiff's Fourteenth Amendment due process claim regarding the alleged intentional misplacement of his property by Defendants Murphy, Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark, be dismissed with prejudice since he has failed to state a cognizable claim.  Based upon the above, we will not recommend that the Court allow Plaintiff to amend his Complaint against Defendants Murphy, Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark with respect to his Fourteenth Amendment due process claim.  We find that it would be futile to allow Plaintiff to amend his stated claim.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

### B.  First Amendment Right to Access to the Courts

As stated, Plaintiff also alleges that the conduct of Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark at SCI-Mahanoy denied him his right to access to the court to redress his legal claims under §1983 and to pursue his appeal of his criminal conviction.  Plaintiff also avers that Defendants Dunkle, Meyers, John Doe, Malik and Clark tampered with his prison file by removing his September 13, 2008 Inventory Sheet prepared when he was placed in the RHU at SCI-Mahanoy.  Plaintiff avers that the stated Defendants removed his September 13, 2008 Inventory Sheet since it was evidence showing what portion of his property was lost on November 2, 2009.

Plaintiff states that Defendants Dunkle, Meyers, John Doe, Malik and Clark "sought to cover their

tracks and conceal their retaliatory act.  (Doc. 1A, p. 10).[8]

     As the Third Circuit Court stated in *Salkeld v. Tennis*, 2007 WL 2682994, * 1 (3d Cir. 2007)

(Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977),
> must show an actual injury, a requirement that derives from the
> doctrine of standing.  *Lewis v. Casey*, 518 U.S. 343, 349 (1969).
> Specifically, the inmate must show that the alleged shortcomings in
> the prison policy "hindered his efforts to pursue a legal claim."  *Id.*
> at 351.  *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997)
> (no First Amendment right to subsidized mail).  However, the injury
> requirement is not satisfied by just any type of frustrated legal claim;
> the legal claim must relate to a direct or collateral challenge to a
> prisoner's sentence of conditions of confinement.  *Lewis*, 518 U.S.
> at 349 ("Impairment of any *other* litigating capacity is simply one
> of the incidental (and perfectly constitutional) consequences of
> conviction and incarceration.") (emphasis in original).

---

[8]Plaintiff's Ex. A attached to his Doc. 1A Complaint indicates that a DOC Confiscation Items Receipt, Form DC-154A, was completed at SCI-Mahanoy on "9-15-08," with respect to his property when he was placed in the RHU, and that as a result of an investigative search, one envelope of legal papers was confiscated and sent to Security since it contained legal papers that were the property of another inmate.  The Form also indicated that one envelope of pictures and lettres was confiscated and sent to Security as "possible S.T.G."

Also, Plaintiff's Ex. A shows that on December 3, 2008, CO Bachert at SCI-Mahanoy placed one envelope with pictures and letters which was confiscated on September 13, 2008, back in Plaintiff's property.

In his present Complaint, Plaintiff states that his Ex. A shows that his photographs were intentionally lost.  (Doc. 1A, p. 11).

The Court can consider Plaintiff's exhibit when screening his Complaint and applying the motion to dismiss standard.  *See Ireland v. McDaniel,* 2011 WL 860390, *2("Courts generally consider the allegations of the Complaint, attached exhibits, and matters or public record in deciding motions to dismiss.")(citations omitted).

In *O'Connell v. Sobina*, 2008 WL 144199, *10 (W.D. Pa.), the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179,
> 153 L.Ed.2d 413 (2002), the Supreme Court set forth
> specific criteria that a court must consider in determining
> whether a plaintiff has alleged a viable claim of right to
> access to the courts. Specifically, the Supreme Court held
> that, in order to state a claim for denial of access to courts,
> a party must identify all of the following in the complaint:
> 1) a non-frivolous, underlying claim; 2) the official acts
> frustrating the litigation; and 3) a remedy that may be awarded
> as recompense but that is not otherwise available in a future
> suit. *Christopher*, 536 U.S. at 415.

In his Complaint, Plaintiff alleges that he suffered actual injuries to court cases, both civil and criminal, due to the conduct of Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark.[9] Thus, since Plaintiff states that his underlying claims were harmed by the stated seven (7) Defendants' alleged conduct, he states a First Amendment claim for denial of access to the court against them. *See Lyons, supra; Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim); *Romansky v. Stickman*, 147 Fed. Appx. 310, 312 (3d Cir. 2005)(Non-Precedential)("*Christopher* [case] requires that 'the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.")(citing *Christopher* at 416); *O'Connell*, 2008 WL 144199, * 10.

Thus, we will recommend that Plaintiff's First Amendment denial of access to the court claim against Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark be allowed to

---

[9]As stated, we do not find that Plaintiff has stated the personal involvement of Defendant Murphy with respect to his denial of access to courts claim.

proceed.  As mentioned, we will recommend that Plaintiff's First Amendment denial of access to the court claim against Defendant Murphy be dismissed with prejudice.

### C.  First Amendment Retaliation Claim

Plaintiff also raises a First Amendment retaliation claim against  Defendants Murphy, Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark.  We  find that Plaintiff has sufficiently stated the personal involvement of only Defendants Murphy and Gormley  respect to his First Amendment retaliation claim.  We find that Plaintiff only alleges Defendants Murphy and Gormley retaliated against him by taking or misplacing his property when he was being transferred from SCI-Mahanoy to SCI-Coal Twp. for his past grievances he filed against them.  (Doc. 1A, p. 5).  Plaintiff also alleges that Defendants Murphy and Gormley were retaliating against him by losing his property due to his grievances against them.  Plaintiff does not allege that he filed grievances against Defendants Dunkle, Meyers, John Doe, Hyslack, Malik and Clark, and thus the necessary causal connection for a retaliation claim against these Defendants is not stated.

In *Mincy v. Chmielewski*, 2007 WL 707344, *5-*6 (M.D. Pa.), the Court stated:

Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. *See Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir.2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn,* 241 F.3d 330 (3d Cir.2001) (quoting *Allah,* 229 F.3d at 225).

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser,* 241 F.3d at 333; *see also, Jerry v. Williamson,* 2006 WL 3741840, 1 (3d Cir.2006). While inmates "do not forfeit all constitutional protections by reason of their conviction and confinement including those under the First Amendment ..., lawful incarceration brings about withdrawal or limitation of privileges and rights for various reasons,

including institutional security." *Cooper v. Tard,* 855 F.2d 125, 128 (3d Cir.1988); *see also, Pell v. Procunier,* 417 U.S. 817, 822 (1974) (stating that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system").

Plaintiff had a First Amendment right to file grievances.  *See Mincy v. Chmielewski*, 2007 WL 707344,*6("The filing of a grievance clearly falls within the ambit of the First Amendment.")(citation omitted).  We find that Plaintiff Real has also met the second element of a retaliation claim as against Defendants Murphy and Gormley, *i.e.* they took adverse action against him by losing his property. *See Wheeler v. Beard*, 2005 WL 1840159, *3 (E.D. Pa. 8-3-05)(citation omitted).  Further, we find that Plaintiff has also sufficiently stated that there was a causal link between his past grievances and the adverse action taken against him by only Defendants Murphy and Gormley.  As mentioned, we do not find that Plaintiff has stated the personal involvement of any other Defendants with respect to his First Amendment retaliation claim.

Based on Plaintiff's detailed pleading, we find that this case should proceed only as against Defendants Murphy and Gormley with respect to his First Amendment retaliation claim.  As discussed, we will recommend that Plaintiff's First Amendment retaliation claim against Defendants Dunkle, Meyers, John Doe, Hyslack, Malik and Clark be dismissed with prejudice.  Based upon the above, we will not recommend hat the Court allow Plaintiff to amend his Complaint with respect to his First Amendment retaliation claim against Defendants Dunkle, Meyers, John Doe, Hyslack, Malik and Clark.  We find that there is futility if Plaintiff is allowed to amend his stated claim against the stated Defendants. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  We find that Plaintiff has sufficiently stated the personal involvement of only Defendants Murphy and Gormley with respect to his First Amendment retaliation claim, and we will recommend that this claim proceed

against these two Defendants.

### 3. Claims against Defendants McMillan, Burns, Romig and Segedy

Plaintiff avers that after he arrived at SCI-Coal Twp. on November 2, 2009, an Inventory of his property was completed *sans* his presence, and that on November 3, 2009, he was provided with the allowed portion of his property in the RHU.   Plaintiff alleges that two photo albums and various photos were missing, and that he complained to Defendant McMillan that no Inventory Sheet was prepared at SCI-Mahanoy.   Plaintiff also alleges that he was not allowed to inventory his property when he arrived at SCI-Coal Twp.  (Doc. 1A, p. 7).   Plaintiff avers that he submitted a request slip to personally inventory his property to find out what was missing and that Defendant McMillan responded to his request slip by stating that Defendant Burns was made aware of the matter and would address it.  (*Id*.).   Plaintiff avers that no actions were taken by Defendants McMillan and Burns. (*Id*.).

Plaintiff states that he was then given a photocopy of the Inventory Sheet prepared at SCI-Coal Twp. and that Defendants Romig and Segedy violated DOC policy by not issuing a "goldenrod" copy to him upon the completion of the Inventory Sheet.  (*Id*.).

Plaintiff then alleges that he filed Grievance #2960240 requesting a chance to view his property in its entirety to find out what was missing, and requesting that his photo albums and photos be located.  Plaintiff also alleges:

> 40.  Defendant Romig on about 11/17/09, told Plaintiff "I'm aware of it, I spoke to Dunkle (Defendant Dunkle), and everything happens for a reason."  This was in response to Plaintiff informing defendant Romig of the missing property. Defendant Romig conspired with Dunkle and or was aware of it and failed to intervene and or was deliberately indifferent.

41.  Defendant Romig and Segedy completed and signed the inventory sheet completed.  Both Defendants conspired to conceal the intentionally] misplaced property and fraudulently record that all of Plaintiff's property was accounted for. With no inventory sheet completed by Mahanoy to compare versus what was received at Coal Township, the admission that all of Plaintiff's property was accounted cannot be an honest or accurate admission.

(*Id.*, pp. 7-8).

We find that Plaintiff has failed to state a cognizable constitutional claim against Defendants McMillan and Burns.  Plaintiff admits that after he submitted his request slip, he was eventually given a photocopy of the Inventory Sheet prepared at SCI-Coal Twp.  Plaintiff does not allege that Defendants McMillan and Burns played any role in Inventory of his property or that they personally took any of his property.

As stated, it is well established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action.  In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

18

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

*See Rhines v. Bledsoe*, 2010 WL 2911628, *2 (3d Cir.).

As discussed above, we do not find that Plaintiff has specifically stated the personal involvement of Defendants McMillan and Burns with respect to any of his constitutional claims. Thus, we will recommend that Defendants McMillan and Burns be dismissed without prejudice.  If Plaintiff can state the personal involvement of Defendants McMillan and Burns regarding his constitutional claims, then an amended pleading as to these two Defendants would not be futile.  *See Alston, supra*.

We also find that Plaintiff has failed to state a constitutional  claim against Defendants Romig and Segedy.   As stated, Plaintiff admits that he was given a copy of his Inventory by these Defendants, and he merely avers that they violated DOC by policy by not giving him a "goldenrod" copy.  It is well-settled that the violation of a DOC policy does not amount to a constitutional violation.  *See Gross  v. Warden*, 2008 WL 1815307, *2, n. 2 (M.D. Pa. 4-21-08)(prison policy manual is not a source of constitutional rights).

Also, Plaintiff alleges that Defendants Romig and Segedy conspired to conceal the intentional misplacement of his property and fraudulently recorded that all of his property was present. As

discussed below, we do not find that Plaintiff has stated a cognizable conspiracy claim under §1983 or under §1985(3).

Thus, we will recommend that Romig and Segedy be dismissed without prejudice. If a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds, in part, futility. *See Alston v. Parker*, 363 F.3d at 235-236. If Plaintiff can state the personal involvement of Defendants Romig and Segedy regarding his constitutional claims, then an amended pleading as to these two Defendants would not be futile. *See Alston, supra*.

Further, we do not find that Plaintiff has stated a viable §1983 conspiracy claim against Defendants Dunkle, Romig and Segedy. We find that Plaintiff's bare conclusory allegations of a § 1983 conspiracy against Defendants are inadequate to state a cognizable conspiracy claim. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives. Bare conclusory allegations of 'conspiracy' ... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Id*. at 928.

As the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently

allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).   "A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

We find that Plaintiff does not specify any role or agreement of Defendants Dunkle, Romig and Segedy in the alleged conspiracy to conceal the intentional misplacement of his property. Plaintiff fails to allege what these Defendants specifically conspired to do, or what specific actions these Defendants took in furtherance of the alleged conspiracy to hide his missing property.  Also, Plaintiff fails to aver any facts "showing an agreement or plan formulated and executed by Defendants to achieve a conspiracy."  *Ireland v. McDaniel*, 2011 WL 860390, *13-*14("To Demonstrate a conspiracy under section1983, 'a Plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'"(citations omitted).

Thus, we will recommend that Plaintiff's §1983 conspiracy claim against Defendants Dunkle, Romig and Segedy be dismissed with prejudice.  Based upon the above and Plaintiff 's detailed allegations, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his § 1983 conspiracy claim, and we find  that there is futility if Plaintiff is allowed to amend his stated claim.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for

failure to state a claim, the Court must first allow Plaintiff leave to amend.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Further, "[d]ismissal without leave to amend is  justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.* (citations omitted).

### 4. *Claims against Grievance Officers Mowrey, Dascani and Mason*

Plaintiff alleges that Defendant Mowrey was the assigned Grievance Officer to respond to his Grievance #2960240. (*Id.*, p. 8).  Plaintiff avers that Defendant Mowrey told him to bring the missing property claim he had against SIC-Mahanoy.  Plaintiff then avers that Mowrey did not conduct any investigation and did not attempt to locate his missing property. (*Id.*, p. 8).

Plaintiff alleges that on December 7, 2009, he sent a request slip to Defendant Dascani seeking the response to his appeal of his Grievance #2960240 which he submitted to the Facility Manager. (*Id.*, p. 9).  Plaintiff avers that Defendant Dascani did not respond to his request slip, and that he filed an appeal of his Grievance #2960240 to final review.

Plaintiff further alleges as follows:

> 48.  On 12-22-09 having not received the pink action copy regarding the grievances submitted on 12-7-09 at Mahanoy and Coal Township, Plaintiff sent request slips to Defendants Dascani and Mason asking whether the grievances submitted on 12-7-09 are being processed.  No response to request slips. Plaintiff re-submitted grievances on 1-15-10 reiterating the 12-7-09 grievances. Also Plaintiff submitted grievances on that date regarding the Defendants' failure to acknowledge and process the 12-7-09 grievances.  None of the 1-[1]5-10 grievances were acknowledged and or processed.

> 49.  Defendants Mason and Dascani infringed on Plaintiff's First Amendment right to file valid grievances.  The actions or inactions of Defendants Mason and Dascani sought to conceal the violations committed against Plaintiff. The Defendants Mason and Dascani made administrative remedies unavailable to Plaintiff.  Plaintiff exhausted under PLRA, since the administrative remedies were made unavailable by Defendants Mason and Dascani.

(*Id*.).

Thus, Plaintiff is claiming Defendants Mowrey, Dascani and Mason violated his constitutional rights regarding their handling of his grievances and requests. We find that these Defendants should be dismissed with prejudice.

Simply because Defendants Mowrey, Dascani and Mason allegedly did not properly investigate and respond to Plaintiff's administrative remedy requests and his appeals is not sufficient to name these DOC officials as Defendants in this civil rights action. *See White v. Bledsoe*, 2011 WL 2292279, * 6 (M.D. Pa. 6-8-11) ("Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement.") (citations omitted); *Lyons v. Beard*, 2009 WL 604139, *5("[The Plaintiff inmate's] dissatisfaction with responses to his grievances does not support a constitutional claim.").

The law is well-settled that inmates do not have a constitutional right to a grievance process, and that naming the supervisory Defendants based only on their responses to an inmate's grievance and appeals will subject these Defendants to dismissal. *Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3d Cir. 2007)("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.")(citation omitted); *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W. D. Pa.); *Jones v. North Carolina Prisoners's Labor Union, Inc.,* 433 U.S. 119, 137-38 (1977). This Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause

of action.  *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd. 74 F. 3d 1226 (3d Cir. 1995).  *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005)(Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted).  Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*.  *See also Mincy v. Chmieleweski*, 2007 WL 707344,*9, n. 4(M.D. Pa.)(claims by inmates regarding the prison grievance procedures are unavailing since "prisoners do not have a constitutional right to prison grievance procedures." (citations omitted)).

In light of the well-settled case law, we find that Defendants Mowrey, Dascani and Mason are entitled to dismissal with prejudice from this case.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint against Defendants Mowrey, Dascani and Mason with respect to his constitutional claims, and we find that there is futility if Plaintiff is allowed to amend his stated claims.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

### 5.  *Conspiracy Claims Under §1985(3)*

As stated above, Plaintiff alleges that SCI-Mahanoy Defendants acted in concert with SCI-Coal Twp. Defendants in retaliating against him by intentionally misplacing his property and covering up this deliberate act.   As noted, we construe Plaintiff as  base his conspiracy claims, in part, under §1985(3).

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C.
> § 1985(3) are set forth in a line of Supreme Court cases beginning with the

decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form the basis for a section 1985(3) claim.

*Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these decisions, a plaintiff must allege the following elements in order to state a claim pursuant to 42 U.S.C. § 1985(3):

(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Id.*

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient; animus must be class-based.")(citations omitted).

Plaintiff Real raises claims under §1985 (Doc. 1A, p. 1) with no subsection stated. We have construed him as raising a conspiracy claim under §1985(3). As such, Plaintiff does not state that he

falls within a class entitled to protection afforded by §1985(3).  Additionally, Plaintiff does not state that the alleged conspiracy to lose his personal property and to cover it up "was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir. 2006).  Rather, Plaintiff avers that the conspiracy was motivated by his grievances  he filed against staff at SCI-Mahanoy.  Plaintiff has not alleged any facts that race caused Defendants to enter into an agreement to deprive him of his constitutional rights  by intentionally losing his property and covering it up.

Thus, we will recommend that Plaintiff's claim under §1985(3) be dismissed with prejudice. *See Goodson v. Maggi*, 2010 WL 1006901, *6; *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his §1985(3) claim, and we find that there is futility if Plaintiff is allowed to amend his stated claim.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

### 6.  *Claims Under §1981 and §1986*

Initially, as noted above, Plaintiff's claims under §1986 are clearly time barred by the one-year statute of limitations based on the face of his Complaint.  *See Ireland v. McDaniel*, 2011 WL 860390, *5.  We find that, in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's §1986 claim since his allegations make clear that his cause of actions arose in November 2009 and December 2009.  *See Robinson v. Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order)(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his allegations make clear that Plaintiff did not exhaust his administrative remedies even though exhaustion is an affirmative defense); *Barnett v. York County*, *supra* (in screening Plaintiff's

Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations); *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, 392 Fed.Appx. 938, 942-943 (3d Cir. 9-2-10).

Thus, we will recommend that Plaintiff's claim under §1986 be dismissed with prejudice since it is time barred by the applicable one-year statute of limitations.

We also find that Plaintiff's claim under §1986 should be dismissed since "a §1986 claim cannot exist without a viable §1985 claim." *Goodson v. Maggi*, 2010 WL 1006901, *7; *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 , n. 4("Section 1986 creates a constitutional tort claim for failing to prevent violations of Section 1985; without the prerequisite 1985 violation, there can be no Section 1986 claim.").   As discussed above, we find that Plaintiff's conspiracy claim under §1985(3) should be dismissed.  Thus, we will recommend that Plaintiff's claim under §1986 be dismissed with prejudice.  We find futility of any amended pleading with respect to Plaintiff's §1986 claim.  *See Alston, supra; Patterson v. City of Philadelphia*, 2009 WL 1259968, *4.

Moreover, we find that Plaintiff fails to state a claim under §1981.  Section 1981 "protects the equal right of citizens to make and enforce contracts without regard to race."  *Whaumbush v. City of Phila.*, 2010 WL 4054334, *10 (E.D. Pa. 10-15-10).  The elements of a §1981 claim are: "1) the Plaintiff is a member of a racial minority; 2) an intent to discriminate on the basis of race by the Defendants; and 3) discrimination concerning an activity enumerated in the statute, which includes the right to make and enforce contracts."  *Id.* (citation omitted).

However, "§1981created an implied cause of action against private actors because no other federal statute provided a remedy against them." *Id.*(citations omitted).   Thus, Plaintiff can assert a claim under §1981 against Defendants in their individual capacities.

Based on our above detailed discussion of Plaintiff's allegations, we find that Plaintiff's claim under §1981 fails since he has not identified "an impaired contractual relationship under which [he] has rights."  Plaintiff does not allege that he had rights in any contract and that Defendants impaired his rights under a contract or blocked the creation of a contract through racial discrimination.  Thus, we will recommend that Plaintiff's claim under §1981 be dismissed with prejudice.  *Whaumbush v. City of Phila.*, 2010 WL 4054334, *10.  We find futility of any amended pleading with respect to Plaintiff's §1981 claim.  *See Alston, supra*.

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's claims for damages (both compensatory and punitive) against all Defendants in their official capacities  be dismissed with prejudice.  It is also recommended that Plaintiff's request for a specific amount of monetary damages, *i.e.* $10,000 in punitive damages from each Defendant, be stricken from his Complaint.

Additionally, it is recommended that Plaintiff's Fourteenth Amendment due process claim regarding the alleged intentional misplacement of his property by Defendants Murphy, Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark, be dismissed with prejudice.  It is also recommended that Plaintiff's First Amendment denial of access to the court claim against Defendants Dunkle, Meyers, John Doe, Gormley, Hyslack, Malik and Clark be allowed to proceed.  Further, it is recommended that Plaintiff's denial of access to the courts claim against Defendant Murphy be

dismissed with prejudice.

Moreover, it is recommended that Plaintiff's First Amendment retaliation claim against Defendants Dunkle, Meyers, John Doe, Hyslack, Malik and Clark be dismissed with prejudice. It is also recommended that Plaintiff's First Amendment retaliation claim against Defendants Murphy and Gormley be allowed to proceed.

It is recommended that Defendants McMillan and Burns be dismissed without prejudice. It is also recommended that Romig and Segedy be dismissed without prejudice.

Further, it is recommended that Plaintiff's §1983 conspiracy claim be dismissed with prejudice. It is also recommended that Plaintiff's §1985(3) conspiracy claim be dismissed with prejudice. Additionally, it is recommended that Plaintiff's §1981 claim be dismissed with prejudice.

It is recommended that Defendants Mowrey, Dascani and Mason be dismissed with prejudice.[10]

---

[10]Notwithstanding Plaintiff's *pro se* status and our above finding that some of his constitutional claims be dismissed with prejudice as against some Defendants, we do not recommend that he be permitted leave to file an Amended Complaint regarding any of these claims, since we find that the Plaintiff's detailed allegations fail to state such constitutional violations against these Defendants. Thus, we find futility of amendment of Plaintiff's stated claims as against the stated Defendants whom we recommend be dismissed with prejudice. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

Finally, it is recommended that this case be recommitted to the undersigned for further proceedings.


<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 28, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FERDANDO REAL,                          :        CIVIL ACTION NO. **3:CV-11-2071**
                                        :
              Plaintiff                 :        (Judge Caputo)
                                        :
         v.                             :        (Magistrate Judge Blewitt)
                                        :
LT. DUNKLE, et al.,                     :
                                        :
              Defendants                :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 28, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: December 28 2011**