**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FERNANDO REAL<br><br>    Plaintiff,<br><br>    v.<br><br>LT. DUNKLE, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:11-2071<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

### **MEMORANDUM**

Presently before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Blewitt (Doc. 9) to Plaintiff's Complaint. (Doc. 1.) Magistrate Judge Blewitt recommends dismissing four (4) of the fifteen (15) Defendants in this action without prejudice and three (3) Defendants with prejudice. The Magistrate Judge also recommends dismissing a number of claims against the remaining eight (8) Defendants. Plaintiff filed timely objections to the R & R. (Doc. 12.) The Magistrate Judge's recommendations will be rejected in part and adopted in part. As Defendants McMillan, Burns, Romig, Segedy, Mowrey, Dascani, and Mason are not personally alleged to have participated in the deprivation of Plaintiff's viable constitutional claims, the claims against these Defendants will be dismissed. However, because Plaintiff's *pro se* pleading adequately alleges that Defendants Murphy, Dunkle, Gormley, Doe, Meyers, Hyslack, Malik, and Clark violated his constitutional rights after he availed himself of the prison's grievance process, Plaintiff may proceed on his § 1983 conspiracy claim, his retaliation claim, and his denial of access to the courts claim as against these Defendants.

### **I. Background**

**A.    Plaintiff's Complaint**

Plaintiff, Fernando Real, an inmate at the State Correctional Institute ("SCI") at Camp Hill, Pennsylvania, commenced the instant civil rights action *pro se* against fifteen (15)

Defendants[1] in November of 2011. ("Complaint," Doc. 1.) The facts as alleged in Plaintiff's Complaint are as follows:

On November 2, 2009, Plaintiff was on restriction at SCI-Mahanoy without any of his personal property in his cell. (Complaint, ¶ 21.) Plaintiff's restrictions were to be completed that day and his personal property was to be returned. (Complaint, ¶ 22.) However, when Plaintiff asked Defendant Murphy when he would receive his property back, Plaintiff was informed that "there is a price you pay for filing grievances, you will never see us in court, today will be the last time you see our faces." (Complaint, ¶¶ 21-23.) A few hours later, Defendant Dunkle informed Plaintiff that he was being transferred to another institution. (Complaint, ¶ 24.) Defendant Dunkle assured Plaintiff that all of his personal property was accounted for and that it would be transferred with Plaintiff. (Complaint, ¶ 25.)

Later that morning, Plaintiff viewed Dependants Gormley and Hyslack load his property into a van for transfer to SCI-Coal Township. (Complaint, ¶¶ 26-27.) Plaintiff asked the officers if all of his property was accounted for and Defendant Gormley replied "this is the price you pay." (Complaint, ¶ 27.) Subsequently, Plaintiff was transported to SCI-Coal Township. (Complaint, ¶ 29.)

Despite Department of Corrections' policy, an inventory sheet identifying Plaintiff's property was never completed in Plaintiff's presence by Defendants Dunkle, Meyers, Doe, Gormley, Hyslack, Malik, or Clark. (Complaint, ¶¶ 30-32.) Had Defendants completed the inventory sheet in Plaintiff's presence as required, Plaintiff would be able to demonstrate that his property was lost or destroyed. (Complaint, ¶ 33.) Plaintiff's personal property

---

[1] Defendants are all employed by the Pennsylvania Department of Corrections at either SCI-Mahanoy or SCI-Coal Township. (Complaint, ¶¶ 4-18.) The SCI-Mahanoy Defendants are: Lieutenant Dunkle; Lieutenant Malik; Sargent Clark; Sargent Meyers; CO Gormley; CO Murphy; CO Hyslack; CO John Doe; and CO Mason. (Complaint, ¶¶ 4-12.) The SCI-Coal Township Defendants are: Lieutenant Mowrey; Lieutenant Burns; Sargent Romig; CO Segedy; CO McMillan; and CO Dascani. (Complaint, ¶¶ 13-18.) All Defendants are sued in their individual and official capacities. (Complaint, ¶ 19.)

disappeared because of prior grievances he had filed against Defendants Gormley and Murphy. (Complaint, ¶ 28.)

The next day, on November 3, 2009, Plaintiff was provided with a portion of his remaining property. (Complaint, ¶ 35.) At that time, Plaintiff was only able to determine that two photograph albums were missing. (Complaint, ¶ 36.) Plaintiff filed a request slip for the missing property with Defendants McMillan and Burns, but neither Defendant pursued action on Plaintiff's missing property. (Complaint, ¶¶ 36-37.) Eventually, Plaintiff received a photocopy of the inventory sheet completed on November 2, 2009, but Department of Corrections' policy was violated because Defendants Romig and Segedy did not provide Plaintiff with a goldenrod copy. (Complaint, ¶¶ 38-39.) Defendant Romig later informed Plaintiff that he was aware of his requests for his missing property, but that "everything happens for a reason." (Complaint, ¶ 40.)

Plaintiff also informed Defendant Mowrey, the assigned grievance officer to his claim, of his missing property, but Defendant Mowrey conducted no investigation to recover Plaintiff's property. (Complaint, ¶ 42.)

On December 4, 2009, Plaintiff submitted a request slip for legal documents from his personal property. (Complaint, ¶ 44.) At that time, Plaintiff learned that various documents pertaining to his pending criminal matters had disappeared. (Complaint, ¶ 45.) One document included a dying declaration from a witness relevant to his pending criminal appeal. (Complaint, ¶ 45.) Plaintiff submitted additional requests on December 17, 2009, December 22, 2009, and January 5, 2010 to Defendants Dascani and Mason. (Complaint, ¶¶ 47-48.) None of these requests were acknowledged or processed. (Complaint, ¶ 48.)

Plaintiff subsequently commenced this action alleging numerous causes of action: (1) § 1983 due process violation claim; (2) § 1983 denial of access to the courts claim; (3) § 1983 retaliation claim; (4) § 1983 conspiracy claim; (5) § 1981 claim; (6) § 1985(3) conspiracy claim; and (7) § 1986 claim. (Complaint, ¶ 66.) Plaintiff seeks injunctive relief, compensatory damages, and punitive damages. (Complaint, ¶¶ 67-73.)

**B.     Magistrate Judge Blewitt's Recommendations**

On December 28, 2011, Magistrate Judge Blewitt issued a R & R setting forth numerous recommendations. (Doc. 9.)  First, Magistrate Judge Blewitt recommends dismissing with prejudice the claims for punitive and compensatory damages against Defendants in their official capacity and striking the request for specific monetary damages from Plaintiff's Complaint. (Doc. 9.) Second, the Magistrate Judge recommends dismissing the Fourteenth Amendment Due Process claim with prejudice. (Doc. 9.)  Third, the R & R suggests the First Amendment access to the courts claim be dismissed as to Defendants Murphy, McMillan, Burns, Romig, Segedy, Mowrey, Dascani, and Mason. (Doc. 9.) Fourth, Magistrate Judge Blewitt recommends dismissing with prejudice the First Amendment retaliation claim as to Defendants Dunkle, Meyers, Doe, Hyslack, Malik, and Clark. (Doc. 9.)  Fifth, the Magistrate Judge recommends dismissing Defendants McMillan, Burns, Romig, and Segedy from this action without prejudice, and dismissing Defendants Mowrey, Dascani, and Mason from this action with prejudice. (Doc. 9.)  Lastly, the R & R recommends dismissing the § 1983 conspiracy claim, the § 1985(3) conspiracy claim, the § 1981 claim, and the § 1986 claim with prejudice. (Doc. 9.)

Thus, Magistrate Judge Blewitt recommends allowing the following causes of action to proceed: (1) First Amendment denial of access to the courts claim as against Defendants Dunkle, Meyers, Doe, Gormley, Hyslack, Malik and Clark; and (2) First Amendment retaliation claim as to Defendants Murphy and Gormley.

**C.     Plaintiff's Objections**

Plaintiff filed timely objections to Magistrate Judge Blewitt's recommendations. (Doc. 12.) Plaintiff specifically objects to the following: (1) the finding that Defendant Murphy was not personally involved in the denial of Plaintiff's access to the courts; (2) the recommendation to dismiss Plaintiff's retaliation claim against Defendants Dunkle, Meyers, Doe, Hyslack, Malik and Clark because Plaintiff never filed a grievance against these Defendants; (3) the recommendation to dismiss the Fourteenth Amendment intimate association claim as to Defendants Dunkle, Meyers, Doe, Gormley, Hayslack, Malik, and

Clark; (4) the recommendation to dismiss Plaintiff's intimate association claim as against Defendant Mowrey; (5) the recommendation to dismiss the intimate association claim against Defendants Mason and Dascani; (6) the finding that Defendants Burns and McMillan did not personally participate in the deprivation of his constitutional rights; (7) the finding that Defendants Segedy and Romig did not personally participate in the violation of his constitutional rights; and (8) the recommendation to dismiss the § 1983 conspiracy claim with prejudice. (Doc. 12.)

## II. Discussion

**A.  Legal Standards**

  **1.  Legal Standard in Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D.Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.Pa.1998). Therefore, the Court reviews the portions of the Report and Recommendation to which the Plaintiff objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

### 2.     Legal Standard for a Motion to Dismiss

A court screening a complaint pursuant to the Prison Reform Litigation Act uses the same standard as it does for a 12(b)(6) motion to dismiss. *See Shover v. York Cty. Prison*, No. 3:11-CV-2248, 2012 WL 720858, at *2 (M.D. Pa. Mar. 1, 2012). Here, as Plaintiff wishes to proceed in this action *in forma pauperis*, Magistrate Judge Blewitt properly screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.

Dismissal is therefore only appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550

6

U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

**B.    Plaintiff's Objections**

Plaintiff's objections all implicate Magistrate Judge Blewitt's recommendations relating to the alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] 42 U.S.C. § 1983 states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen ... or any other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n. 9, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir.1993).

To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1948, 173 L.Ed.2d 868; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir.2010). "It is uncontested that a government official is liable only for his or her own conduct and

---

[2]   Plaintiff has not filed objections to the Magistrate Judge's recommendations to dismiss the 42 U.S.C. §§ 1981, 1985, and 1986 claims with prejudice. (Doc. 9.) Finding no error in regard to the recommendations to dismiss these claims, Plaintiff's § 1981, § 1985, and § 1986 claims will be dismissed with prejudice.

7

accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct ." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71–72 (3d Cir.2011). Personal involvement in the alleged wrongs may be shown through allegations of actual involvement in, personal direction of, or knowledge of and acquiescence to the asserted civil rights violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). "In order to satisfy the 'personal involvement' requirement, a complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Nevertheless, individual liability can only be imposed if the state actor played an "affirmative part" in the complained-of misconduct. *See Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *See id*. Instead, "allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Medina v. Raiger*, No. 11-0496, 2012 WL 760514, at *3 (M.D. Pa. Mar. 8, 2012) (quoting *Rode*, 845 F.2d at 1207).

As Plaintiff's claims are all against Pennsylvania Department of Corrections' employees, Plaintiff satisfies the state actor requirement for § 1983 claims. Accordingly, the Court will review the Magistrate Judge's recommendations and Plaintiff's corresponding objections to determine if these state actor officers were alleged to deprive Plaintiff of rights secured by the Constitution.

    **1.**    **First Amendment Access to the Courts Objection**

Plaintiff objects to the Magistrate Judge's recommendation to dismiss with prejudice the denial of the access to the courts claim as against Defendant Murphy. (Doc. 12.)[3] In

---

[3] Magistrate Judge Blewitt recommends, however, that the denial of access to the courts claim be permitted to proceed as against Defendants Dunkle, Meyers, Doe, Gormley, Hyslack, Malik, and Clark. (Doc. 9.) According to Magistrate Judge Blewitt, Plaintiff sufficiently alleged that the destruction of his property resulted in actual injury to his criminal cases and criminal appeals. (Complaint, ¶ 45; Doc. 9.)

order to state a First Amendment claim for denial of access to the courts, the United States Supreme Court has held that a party must state all of the following in their complaint: (1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).  Thus, "an individual alleging a denial of access to the courts must show actual injury, meaning actual prejudice or the actual denial of access to the courts." *Yeisley v. Pennsylvania State Police*, No. 05-CV-1650, 2010 WL 4791660, at *12 (M.D. Pa. Nov. 18, 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).  "Specifically, the inmate must show that the alleged shortcomings in the prison policy 'hindered his efforts to pursue a legal claim.'" *Salkeld v. Tennis*, 248 F. App'x 341, 342 (3d Cir. 2007) (quoting *Lewis*, 518 U.S. at 351).

Magistrate Judge Blewitt recommends dismissing the access to the courts claim against Defendant Murphy because he is "not alleged to have been involved with the packing and moving of Plaintiff's property when he was transferred from SCI-Mahanoy to SCI-Coal Township." (Doc. 9.)  The Magistrate Judge construes Plaintiff's allegations as failing to allege the personal involvement of Defendant Murphy with respect to the access to the Court's claim. (Doc. 9.)  Plaintiff, however, argues that he pled personal involvement of Defendant Murphy with particularity based on Defendant's actual knowledge and acquiescence in the deprivation of Plaintiff's constitutional rights. (Doc. 12.)

Here, Plaintiff will be permitted to proceed with his denial of access to the courts claim against Defendant Murphy.  Although Plaintiff did not allege that Defendant Murphy personally packed and moved his property, the Complaint sufficiently states the time, place, and conduct of Defendant Murphy's participation in the loss of Plaintiff's property.  That is, on the day Plaintiff was transferred to SCI-Coal Township he repeatedly asked Defendant Murphy when he would be returned his legal papers, and Defendant Murphy indicated that the property would not be returned to Plaintiff. (Complaint, ¶¶ 22-23.)  And, this denial was alleged to have materially impaired Plaintiff criminal appeals and civil suits. (Complaint, ¶¶

60-61.) As Plaintiff's "*pro se* pleading is held to a less stringent standard than formal pleadings drafted by attorneys," *Medina*, 2012 WL 760514, at *2 (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir.2009)), the Court finds that Plaintiff has sufficiently alleged that Defendant Murphy was personally involved in the denial of Plaintiff's access to the courts.[4]

### 2. First Amendment Retaliation Objection

Magistrate Judge Blewitt recommends dismissal with prejudice of Plaintiff's First Amendment retaliation claim as to Defendants Dunkle, Meyers, Doe, Hyslack, Malik, and Clark. (Doc. 9.)[5] The Magistrate Judge recommends dismissing the retaliation claim against these Defendants because "Plaintiff does not allege that he has filed grievances against [them] and thus the necessary causal connection for a retaliation claim against these Defendants is not stated." (Doc. 9) Plaintiff, however, asserts that the causal connection was sufficiently stated because his constitutionally protected conduct, filing grievances against other officers, was the substantial or motivating factor in the adverse action taken against him. (Doc. 12.)

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001)).

Here, Plaintiff has sufficiently stated that he engaged in protected conduct when he filed grievances against multiple corrections' officers. (Complaint, ¶ 28.) In particular, "the

---

[4] Although Plaintiff fails to sufficiently allege the personal involvement of Defendants McMillan, Burns, Romig, or Segedy in the denial of the access to the courts claim, Plaintiff will be given the opportunity to amend the claim as to these Defendants.

[5] Magistrate Judge Blewitt recommends allowing the retaliation claim to proceed against Defendants Murphy and Gormley because Plaintiff alleged that he had filed grievances against these Defendants. (Doc. 9.)

10

filing of a grievance clearly falls within the ambit of the First Amendment." *Mincy v. Chmielewski*, No. 05-CV-0292, 2007 WL 707344, at *6 (M.D. Pa. Mar. 2, 2007) (citing *Rauser*, 241 F.3d at 333). Similarly, Plaintiff alleges that adverse action was taken against him as Plaintiff's property was lost or destroyed. And, Plaintiff alleges that Defendants Dunkle, Meyers, Doe, Hyslack, Malik, and Clark all participated in the destruction or misplacement of his property. As Magistrate Judge Blewitt identifies, Plaintiff did not allege that he filed grievances against any Defendants besides Murphy or Gormley. (Complaint, ¶ 28.) However, the scope of potential officer defendants for a prisoner's retaliation claim is not limited to only those officers against whom the prisoner has previously filed grievances against. *See, e.g., Royster v.* Beard, 308 F. App'x 576, 579 (3d Cir. 2009) (suggesting that inmate may advance a retaliation claim against prison officials other than official a grievance was filed against when inmate can identify the specific grievances that motivated the retaliatory conduct): *Booth v. King*, 346 F. Supp. 2d 751, 763 (E.D. Pa. 2004) (inmate's claim of retaliation by prison officers after filing grievances provided sufficient evidence of causation to survive summary judgment). As such, Plaintiff may proceed on his First Amendment retaliation claim against Defendants Dunkle, Meyers, Doe, Hyslack, Malik, and Clark.[6]

### 3. Fourteenth Amendment Due Process Objections

Magistrate Judge Blewitt also recommends dismissing the Fourteenth Amendment claim as to all Defendants. (Doc. 9.) The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "'An unauthorized intentional deprivation of property' by prison officials does not violate the Due Process Clause 'if a *meaningful* post-deprevation remedy for the loss is available.'" *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (quoting *Hudson v.*

---

[6] Although Plaintiff fails to sufficiently allege the personal involvement of Defendants McMillan, Burns, Romig, or Segedy in the retaliation claim, Plaintiff will be given the opportunity to amend the claim as to these Defendants.

*Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)) (emphasis added). Thus, "there are two crucial components to any inmate due process claim in this setting: (1) the confiscation of property; and (2) allegation that the property was taken and the prisoner was afforded no post-deprivation administrative remedy." *Ball v. Campbell*, No. 11-CV-2239, 2011 WL 7080692, at *7 (M.D. Pa. Dec. 9, 2011). Adequate post-deprivation remedies include the ability to file a state tort action or use of the prison's grievance process. *See Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010).

Plaintiff argues, however, that his due process right of intimate association was violated because Defendants lost or destroyed photographs of his family members. (Doc. 12.) Plaintiff correctly asserts that the Fourteenth Amendment protects an individual's right to intimately associate with family members. *See, e.g., Behar v. Dept. of Transp.*, 791 F. Supp. 2d 383, 414 (M.D. Pa. 2011) ("the freedom of intimate association, which is based on the Due Process Clause of the Fourteenth Amendment, is properly characterized as a substantive due process right and recognizes the right of an individual to develop deeply personal attachments with other individuals"). Nevertheless, as against Defendants Murphy, Dunkle, Meyers, Doe, Gormley, Hyslack, Malik, and Clark, Plaintiff fails to state a violation of his freedom to intimately associate. In particular, Plaintiff alleges that these Defendants destroyed photographs of Plaintiff's friends and family. (Complaint, ¶ 53.) However, Plaintiff does not allege that Defendants denied him the right to *develop* a personal attachment with these individuals. And, as Plaintiff does not allege that Murphy, Dunkle, Meyers, Doe, Gormley, Hyslack, Malik, and Clark denied him post-deprivation administrative remedies, the Court will adopt the Magistrate Judge's recommendation to dismiss the due process claim with prejudice as to these Defendants.[7]

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss the due process claim as against Defendants Mowrey, Dascani, and Mason. Magistrate Judge

---

[7] For the same reasons, the intimate association claim will be dismissed with prejudice as against Defendants McMillan, Burns, Romig, and Segedy.

Blewitt recommends dismissing the due process claim against these Defendants because the failure to "properly investigate and respond to Plaintiff's administrative remedy requests and his appeals is not sufficient to name these DOC officials as Defendants in this civil rights action." (Doc. 9.)  Although the allegations in Plaintiff's Complaint indicate that Defendants denied him a meaningful opportunity to avail himself of the prison's grievance system- that is the refusal to process or investigate a grievance renders the process meaningless- Plaintiff fails to allege that Defendants Mowrey, Dascani, and Mason prevented him from filing a state tort action for his lost photographs and legal papers.[8] Plaintiff therefore had at least one meaningful remedy available to pursue redress for the destruction of his personal property.  *See, e.g., Morales v. Beard*, No. 09-162, 2009 WL 2413425, at *2 (W.D. Pa. July 31, 2009) (even if post-deprivation grievance process was meaningless, plaintiff's available post-deprivation tort remedy ensured that plaintiff "had at least one adequate remedy").  As such, the Court will adopt the Magistrate Judge's recommendation to dismiss Defendants Mowrey, Dascani, and Mason from the action with prejudice.

### 4. § 1983 Conspiracy Objection

Lastly, Plaintiff objects to the Magistrate Judge's recommendation to dismiss the § 1983 conspiracy claim with prejudice.  Magistrate Judge Blewitt determined that Plaintiff's bare, conclusory allegations were insufficient to state a conspiracy claim under § 1983. (Doc. 9.)  Plaintiff argues that when viewed as a "unit," the Complaint clearly states that Defendants conspired to retaliate against Plaintiff for filing grievances. (Doc. 12.)

---

[8] Plaintiff does allege that the destroyed legal papers prevented him from filing a § 1983 claim against other officers for conduct unrelated to this action. (Complaint, ¶ 60.)  However, the Court views these allegations as encompassed within Plaintiff's denial of access to the courts claim and not as part of a due process claim.  In particular, while the loss of these legal papers frustrated Plaintiff's potential § 1983 claim for misconduct unrelated to this action, Plaintiff could still have commenced a state tort action for the loss of these papers.  Thus, these allegations implicate a denial of access to the courts and not a due process violation.

"To state a claim for conspiracy under § 1983, the plaintiff must demonstrate (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Eichelman v. Lancaster Cnty.*, 510 F. Supp. 2d 377, 392 (citing *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D.Pa.2000)). "To demonstrate the existence of a conspiracy under section 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (quoting *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 7000 (3d Cir.1993), *abrogated on other grounds*, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir.2003)). Thus, a claim for conspiracy under § 1983 requires the plaintiff to make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992) (citing *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)). In the Third Circuit, "a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct." *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir.1990).

The Court will adopt the Magistrate Judge's recommendation to dismiss the § 1983 conspiracy claim as to Defendants McMillan, Burns, Mowrey, Romig, Segedy, Dascani, and Mason. As alleged by Plaintiff, these Defendants were all involved in the purported conspiracy after Plaintiff was transferred to SCI-Coal Township and after Plaintiff's property disappeared. (Complaint, ¶¶ 36-49.) Plaintiff, though, has failed to allege that these Defendants reached an understanding or agreement with the SCI-Mahanoy Defendants to destroy Plaintiff's property in retaliation for Plaintiff exercising his protected rights. *See Jean-Pierre v. Holt*, No. 08-CV-0991, 2009 WL 890937, at *6 (M.D. Pa. Mar. 31, 2009) (citing *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)). Therefore, Plaintiff has not sufficiently alleged that these Defendants

14

personally participated in the § 1983 conspiracy and the claim will be dismissed as to these Defendants.

However, the Court will reject Magistrate Judge Blewitt's recommendation to dismiss the § 1983 conspiracy claim against Defendants Murphy, Dunkle, Meyers, Doe, Gormley, Hyslack, Malik, and Clark. As to these Defendants, Plaintiff "has described the persons responsible, the conduct, approximate timing, and motive of the conspiracy sufficient for a factfinder to infer the existence of a conspiratorial agreement." *Walker v. Hensley*, No. 08-0685, 2009 WL 5064357, at *9 (E.D. Pa. Dec. 23, 2009) (citing *Rose v. Bartle*, 871 F.2d 331, 366 n.60 (3d Cir. 1989)). In particular, as the essence of a conspiracy is an agreement, and Plaintiff has alleged facts "tending to show a 'meeting of conspiratorial minds'" between the SCI-Mahanoy Defendants, Plaintiff will be permitted to proceed with the § 1983 conspiracy claim as to these Defendants. Specifically, Plaintiff's allegations indicative of a meeting of conspiratorial minds include: (1) the persons responsible- Defendants Murphy, Dunkle, Gormley, Doe, Meyers, Hyslack, Malik, and Clark; (2) the conduct- the destruction of Plaintiff's personal property; (3) the approximate timing- the events occurred in early November of 2009 when Plaintiff was in the process of being transferred from SCI-Mahanoy to SCI-Coal Township; and (4) the motive- retaliation for Plaintiff availing himself of the prison's grievance process. (Complaint.) While these same allegations may be insufficient to state a § 1983 conspiracy claim if made by a represented party, Plaintiff, as a *pro se* litigant, is afforded the benefit of a liberal construction of his pleadings. *See, e.g., Higgins v. Beyer*, 293 F.3d 683, 686 (3d Cir. 2002) ("*pro se* complaint, when liberally construed, stated sufficient facts to state a cause of action"); *Zilich v. Lucht*, 981 F.2d 694, 694 (3d Cir. 1992) ("when, as in this case, the plaintiff is a *pro se* litigant, we have a special obligation to construe his complaint liberally"); *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 (3d Cir. 1979) ("prisoner's *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers . . . [and is] sufficient to withstand dismissal at this stage of the proceeding"). In that regard, Plaintiff has sufficiently stated a § 1983 conspiracy claim against these Defendant and he may proceed on this

claim against Defendants Murphy, Dunkle, Gormley, Doe, Meyers, Hyslack, Malik, and Clark.

### III. Conclusion

Having reviewed the portions of the Report and Recommendation to which Plaintiff objects *de novo* and the remainder for clear error, the Court will reject in part and adopt in part the Magistrate Judge's Report and Recommendation. (Doc. 9.)  Defendants McMillan, Burns, Romig, and Segedy will be dismissed from the action without prejudice.  Defendants Mowrey, Dascani, and Mason will be dismissed from the action with prejudice.  Plaintiff may, however, proceed on his § 1983 conspiracy claim, his retaliation claim, and his denial of access to the courts claim against Defendants Murphy, Dunkle, Gormley, Doe, Meyers, Hyslack, Malik, and Clark.

An appropriate order follows.

| | |
|---|---|
| April 23, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |