IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO REAL, | : | CIVIL ACTION NO. **3:CV-11-2071** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| LIEUTENANT DUNKLE, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On May 9, 2012, we issued an Order and directed Plaintiff to provide the Court with more information as to Defendant C.O. John Doe so that service of Plaintiff 's original Complaint could be effected upon this Defendant. (Doc. 22).

On May 10, 2012, Plaintiff filed his Amended Complaint. (Doc. 26). Plaintiff named again C.O. John Doe as one of his Defendants. On May 25, 2012, we issued an Order and directed as follows:

1. The Clerk of Court is directed to issue process to the United States Marshal, who shall serve the Plaintiff's Amended Complaint (Doc. 26) upon the remaining Defendants, including the added Defendant Corrections Officer Chapman, in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is further directed to provide Plaintiff and Defendants with the form Notice and Consent to the Jurisdiction of a Magistrate Judge.

3. The Defendants are requested to waive service pursuant to Rule 4(d) of the

Federal Rules of Civil Procedure.

(Doc. 27).

On May 24, 2012, Plaintiff filed a document entitled "Identity of Defendant John Doe." (Doc. 24). Plaintiff provided a description of Defendant C.O. John Doe and Doe's job at SCI-Mahanoy. However, Plaintiff did not know the name of Defendant C.O. John Doe.

On May 29, 2012, we issued an Order and directed the U.S. Marshal to attempt to locate Defendant C.O. John Doe based on Plaintiff's Doc. 24 description for purposes of service of process. (Doc. 28). We noted in our Order that Plaintiff could serve Defendants with discovery requests seeking the name of Defendant John Doe. On May 31, 2012, the U.S. Marshal filed a return of service indicating that he attempted to locate Defendant C.O. John Doe as SCI-Mahanoy but was not able to do so. (Doc. 29).

To date, all named Defendants have been served with Plaintiff's Amended Complaint and jointly filed their Answer to it. (Docs. 32 & 37). Defendant C.O. John Doe has not been identified by Plaintiff and this Defendant has not been served with Plaintiff's Amended Complaint.

**II. Discussion.**

Since Defendant C.O. John Doe has yet to be served with Plaintiff's Amended Complaint, since Plaintiff does not know the identity of this Defendant and was given the opportunity to discover it, since the U.S. Marshal has expended time and money in trying to serve this Defendant with the description Plaintiff provided and, since it is now about eleven

(11) months after Plaintiff filed his original Complaint (November 7, 2011) and about five (5) months since Plaintiff filed his Amended Complaint (May 10, 2012), we shall recommend that Plaintiff's Amended Complaint as against this John Doe Defendant be dismissed without prejudice. Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m).

 Plaintiff has not shown good cause for his failure to identify his John Doe Defendant to allow the U.S. Marshal to serve this Defendant. It is now clear that Plaintiff simply does not know who his John Doe Defendant is. Further, Plaintiff was given more than ample time to identify this unnamed Defendant. It has been well over 120 days (*i.e.* almost eleven months) since Plaintiff filed his original Complaint and over five (5) months since Plaintiff filed his Amended Complaint. As stated, the description of John Doe Defendant Plaintiff provided was not sufficient for the U.S. Marshal to serve this Defendant and the U.S. Marshal has exhausted all efforts to serve this Defendant. (Doc. 29). Plaintiff has failed to show good cause why he has not provided the identity of Defendant John Doe so that this Defendant could be served with Plaintiff's Amended Complaint under Rule 4(m).

As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis*. ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service."* (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

As stated, more than 120 days have passed since Plaintiff filed his Complaints, and to date, Plaintiff has not identified his John Doe Defendant so that service can be made upon this Defendant. Since Plaintiff has not provided proper identity this Doe Defendant, service of his

4

Amended Complaint cannot be effectuated on this Defendant and his case cannot proceed against this Defendant.  Further, since Plaintiff has not shown good cause for his failure to identify Defendant John Doe, we shall recommend this Defendant be dismissed without prejudice under Rule 4(m).

### III.  Recommendation.

Based on the above, it is respectfully recommended that since Plaintiff has not shown good cause for his failure to provide the identify Defendant John Doe, that Plaintiff's Amended Complaint **(Doc. 26)** as against  this Doe Defendant be dismissed without prejudice under Rule 4(m).


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  October 31, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO REAL, | : | CIVIL ACTION NO. **3:CV-11-2071** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| LIEUTENANT DUNKLE, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 31, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                                          s/ Thomas M. Blewitt
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: October 31, 2012**